UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | No.  2:24-cv-1595 DJC AC P<br><br>ORDER |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the Complaint

Plaintiff's complaint alleges that defendants California Department of Corrections and Rehabilitation ("CDCR"), Leech, Boxall and Prudhel violated his constitutional rights. ECF No. 1 at 3-6. Specifically, defendants Leech, Boxall, and Prudhel violated his rights when they held an Institutional Classification Committee ("ICC") hearing without him and decided to remove him from an Administrative Segregations Unit ("ASU")/Security Housing Unit ("SHU") and

2

place him into Building A4.  Id. at 4-5.  Plaintiff asserts that because he had about twenty Inmate Manufactured Weapon ("IMW") violations within the past five years, prison policy mandated he remain in Long Term SHU placement.  Id.  A couple of days after he received an ICC hearing notice, he committed another violation for an IMW violation to ensure he remained housed in a SHU.  Id.  Plaintiff planned to attend his ICC hearing but was taken to the Law Library and not returned in time, despite multiple requests to be taken to his hearing.  Id. at 4.

As plaintiff was escorted out of the law library, in waist chains and leg restraints, he was informed that the ICC had met without him, decided he would be transferred to building 4A, and that his property had been packed up and placed in his new cell.  Id.  Based on prior attempts on his life, plaintiff started to panic and felt forced to act.  Id. at 6.  He was charged with Battery on a Peace Officer and was remanded back to ASU placement.  Id.

While being escorted down the stairs back to ASU, he slipped, slid down at least three steps and injured his back.  Plaintiff asserts he should not have been on the stairs.  Id.  By way of relief, plaintiff seek monetary damages in the amount of $80,000.  Id. at 7.

III.   Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the Eighth or Fourteenth Amendments against defendants.

A.  Violation of Prison Policy

To the extent plaintiff attempts to state a claim against defendants for violating prison policy, which he alleges required his continued placement in a SHU, he fails to state a claim.  To state a claim under 42 U.S.C. § 1983 plaintiff must allege that defendants violated his federal rights, not state regulations such as prison policies.  The violation of prison policies or state regulations does not necessarily violate the federal constitution.

B.  Eleventh Amendment Sovereign Immunity

Plaintiff fails to state a claim against CDCR.  Sovereign immunity under the Eleventh Amendment bars claims against CDCR.  Additionally, CDCR cannot be sued under section 1983 because it is not a "person."

C. <u>Fourteenth Amendment Due Process Clause</u>

Plaintiff fails to state a claim for relief under the Fourteenth Amendment Due Process Clause against any defendant. Although plaintiff is entitled to procedural protections before he is placed in administrative segregation, his allegations that an ICC hearing was held in absentia and that he was *removed* from, rather than placed in, administrative segregation against his wishes, does not entitle him to procedural protections under the Fourteenth Amendment. Moreover, it appears plaintiff is alleging a violation based on his classification. To the extent that is the case, he fails to state a claim because there is no constitutional right to a particular classification.

D. <u>Eighth Amendment Conditions of Confinement and Failure to Protect</u>

Plaintiff fails to state a claim for relief for deliberate indifference to his health and safety under the Eighth Amendment against any defendant or other persons mentioned in the complaint.

Plaintiff's claims regarding the risk to his life based on the decision to remove him from ASU/SHU fails, because his allegations are conclusory at best. General assertions of prior attacks while in custody, without more information about who attacked plaintiff, why he was attacked, and how his new housing unit poses any risk of future harm, are insufficient to allege a sufficiently serious risk of harm in Building A4 or a placement outside of ASU/SHU. The same deficiency exists with respect to the required culpable state of mind. Plaintiff has not alleged that defendants or any other persons named in the complaint knew that housing plaintiff in Building 4A or outside of ASU/SHU placed his health or safety at serious risk of harm, and that they chose to ignore that risk. Liberally construing the allegations in the complaint, plaintiff has alleged negligence at most, which is insufficient to state an Eighth Amendment claim.

Moreover, to the extent plaintiff is attempting to allege an Eighth Amendment violation against defendants based his slip and fall on the stairs, he also fails to state a claim for relief. He has not alleged facts from which the court can infer that the stairs were dangerous in and of themselves or that he suffered from conditions that made the stairs dangerous for him. Nor has he alleged facts from which the court can infer that the ICC members knew of this risk and failed to take reasonable steps to mitigate it. To the extent plaintiff seeks to assert this claim against non-defendants, the officers and/or sergeants who were escorting him, he fails to do so for the same

4

reasons and because they are not listed as defendants in this case.[2]

## IV. Leave to Amend

Because of these defects, the court will not order the complaint to be served on defendants. Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order. See Attachment A.

## V. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VI. Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If

---

[2] "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).

you file an amended complaint, pay particular attention to the legal standards attached to this order. See Attachment A. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

VII.   Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 16, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Section 1983, Generally

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Accordingly, "the requirements for relief under [§] 1983 have been articulated as: (1) *a violation of rights protected by the Constitution or created by federal statute,* (2) proximately caused (3) by conduct of a '*person*' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added).

II. Violation of State Laws or Regulations

An officer's violation of state laws and/or regulations, including prison policy, is not grounds for a § 1983 claim. See Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 930 (9th Cir. 2001) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . .")). Violations of state law and regulations cannot be remedied under § 1983 unless they also violate a federal constitutional or statutory right. See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996) (federal and state law claims should not be conflated; "[t]o the extent that the violation of a state law amounts the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress").

III. <u>Eleventh Amendment – Sovereign Immunity</u>

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief." See <u>Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.</u>, 616 F.3d 963, 967 (9th Cir. 2010); <u>Fireman's Fund Ins. Co., v. City of Lodi, Cal.</u>, 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("The Eleventh Amendment bars suits which seeks either damages or injunctive relief against a state, 'an arm of the state', its instrumentalities, or its agencies."). A suit against CDCR is barred by the Eleventh Amendment. <u>Brown v. California Dep't of Corr.</u>, 554 F.3d 747, 752 (9th Cir. 2009); <u>see also</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 65 (1989) (only "person[s]" may be sued for depriving civil rights under § 1983, and states are not "person[s]" within the meaning of § 1983).

The Eleventh Amendment, however, does not bar suits seeking damages against state officials in their individual capacities. <u>Hafer v. Melo</u>, 502 U.S. 21, 30-31 (1991). Nor does it bar suits seeking only prospective declaratory or injunctive relief against state officers sued in their official capacities. <u>Will</u>, 491 U.S. at 71 (state officials sued in their official capacity for prospective relief are "person[s]" within the meaning of § 1983").

IV. <u>Fourteenth Amendment Due Process</u>

    A. <u>Placement in Administrative Segregation</u>

When an inmate is *placed in* administrative segregation, the only procedural requirements are that he be given "an informal, nonadversary review of the information supporting [his] administrative confinement, including whatever statement [he] wishe[s] to submit, within a reasonable time after confining him to administrative segregation." <u>Hewitt v. Helms</u>, 459 U.S. 460, 472 (1983), <u>overruled on other grounds by</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 479-84 (1995).

    B. <u>Classification</u>

It is well-established that prisoners have no constitutional right to a particular classification, even if it results in loss of privileges. See <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV); <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987) (emphasizing that "'a prisoner has no constitutional right to a particular classification status'")

(quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)); see also Sunkett v. Boerum, No. 1:17-cv-1137 HBK (PC)2024 WL 4369900, at *4, 2024 U.S. Dist. LEXIS 178253, at *10-11 (E.D. Cal. Sept. 30, 2024) ("It is well settled that prisoners have no constitutional right to a particular classification status, even if the classification status results in a loss of privileges.").

V.   Eighth Amendment

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met." Id. at 834.

"First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). To be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000). Rather, "extreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). "More modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing." Johnson, 217 F.3d at 732.

Second, the prison official must subjectively have a "sufficiently culpable state of mind," "one of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834 (citations omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.